GEORGE F. WENTWORTH & another *vs.* MARY C. EICHORN & another.

Suffolk. December 8, 1903. — January 7, 1904.

Present: KNOWLTON, C. J., MORTON, LATHROP, BARKER, & LORING, JJ.

*Deed*, Delivery. *Equity Jurisdiction.*

In a suit in equity seeking the cancellation of a deed of release of restrictions on the lots of land shown on a certain plan, where the bill alleged, that the deed by its terms was not to take effect until executed by all the grantors, and that the defendant being one of the persons named as grantors did not execute the deed, having signed it but failed to deliver it to the plaintiffs or to record it, the defendant alleged in his answer "that the said deed was executed by all the parties named as grantors." *Held*, that this was an allegation that the defendant had delivered the deed.

In a suit in equity seeking the cancellation of a deed of release of restrictions on the lots of land shown on a certain plan, where the bill alleged, that the deed by its terms was not to take effect until signed by all the grantors, and that the defendant, being the owner of one of the lots, signed the deed but did not deliver it to the plaintiff, the owner of another of the lots, and did not record it, a finding that the defendant signed the deed but did not deliver it to the plaintiff and did not record it, but retained it in his custody refusing to record it, is not a finding that the deed was not delivered by the defendant, the owners of many lots being parties to the deed and each of them being a grantor and a grantee. If on such a state of facts the plaintiff has a remedy, it is founded on a right as one of the grantees to have the deed recorded.

LORING, J. This case comes up on appeal by the plaintiffs from a final decree dismissing the bill. The evidence on which that decree was made is not before us. The final decree states that the following facts were found by the court. The plaintiffs since 1896 have been the owners of a lot of land on Pine Street and Broadway Extension in Boston, numbered 8 on a plan recorded in Suffolk Deeds, Libro 471, folio 282; that said lot together with all other lots shown on said plan was subjected to certain restrictions by a deed from Bass to Brooks in July, 1841. That the defendant Eichorn has been since July, 1896 the owner of another of said lots. That between January 1, 1897, and September 1, 1898, the deed releasing the restrictions on said lots was signed by the owners of all said lots including the defendant Eichorn; and that "on or about the latter date the defendant Eichorn signed the said release but did not deliver the same to these plaintiffs or record the same, and there was no fraud or mistake in obtaining the signatures to the instrument."

The plaintiffs alleged in their bill of complaint that they executed the deed of release on September 1, 1898, and delivered it to one Joy, and that the delivery by them of said deed to Joy "was not an absolute delivery intended to pass any title, but was only a conditional delivery for the purpose of having the deed of release executed by the persons whose signatures were necessary thereto in order to completely remove the said restrictions, and it was understood and intended by the plaintiffs that if the said deed was not so executed within a reasonable time, . . . this conditional delivery was to be void and of no effect." The decree states that there was no evidence to sustain the allegation as to the conditional delivery except the language of the release.

The plaintiffs also alleged that the defendant Eichorn " by retaining the said deed under her control and refusing to allow it to be recorded or to deliver it to the plaintiffs, has refused to become a party to the said deed "; that as said Eichorn has not executed the deed the purpose for which the plaintiffs delivered said deed to Joy has not been accomplished, and the delivery is void; that the plaintiffs' conditional delivery was an offer, that this offer has not been accepted by Eichorn and the plaintiffs

have revoked their said offer; and that the defendant Eichorn has it in her power to disregard this revocation by recording the deed. The decree states that there was no evidence to sustain these allegations "other than the admitted fact that Mrs. Eichorn had signed the deed of release and had retained it in her custody, refusing to record the same."

The plaintiffs also alleged that one Wilson has been since October, 1900, the owner of lot 13 on said plan; that he is a necessary party to the deed, and has never executed the same.

The relief asked for in the bill was that the deed might be brought into court and the plaintiffs "allowed to cut out or obliterate their signatures thereto affixed," and that the defendant Eichorn might be "required to produce the said deed of release and to surrender the same to be cancelled under the order of this court."

After a statement of these findings of fact and of a finding to the effect that the predecessor in title of the lot now owned by Wilson "had properly signed and delivered the deed of release," the decree is as follows: "It not appearing upon the facts in evidence, aside from such adjudication, that the plaintiffs are entitled to the relief prayed for, and the allegations in the bill of complaint not having been sustained, thereupon, upon consideration thereof, it is ordered, adjudged and decreed that the plaintiffs' bill be dismissed with costs to the defendant Mary C. Eichorn, and also to the other defendants who appeared in this action, to be taxed by the clerk, and executions issue therefor."

The decree also refers to a former suit between the same parties which "was opposed as a bar," but it is further stated in the decree that "the findings in this case and this decree are not based on the adjudication" in that suit. It is alleged in the bill and admitted in the answer that it was adjudged in the other suit that the defendant Eichorn was not bound by an agreement on which the plaintiffs relied as showing that their execution of the deed releasing the restrictions was conditional. Beyond this allegation in the bill not admitted in the answer, the character of the former suit between the parties does not appear.

The plaintiffs' argument is that on the face of the deed of release the deed is not to take effect until executed by all, and that it is found that it has not been executed by Mrs. Eichorn. They

rest their contention that it has not been executed by Mrs. Eichorn on two findings, namely, that she "signed the said release but did not deliver the same to these plaintiffs or record the same," and that "Mrs. Eichorn had signed the deed of release and had retained it in her custody, refusing to record the same." But the defendant Eichorn in her answer alleges "that the said deed was executed by all the parties named as grantors." That is an allegation that she has delivered it. The finding that she has not delivered the deed to the plaintiffs, who are two of a large number, each of whom is grantor and grantee, is not a finding that the deed has not been delivered. As to the other finding, all that appears is a statement in the decree that there was no evidence upon the point "other than the admitted fact that Mrs. Eichorn had signed the deed of release and had retained it in her custody, refusing to record the same." If that is a finding at all, it is not a finding that the deed has not been delivered by Mrs. Eichorn.

So far as the Wilson lot is concerned, it is found that "between January 1, 1897, and September 1, 1898, the said deed of release of the restrictions upon the said lots was signed by the plaintiffs as well as other owners of the said lots," and it was not until 1900 that it was conveyed to Wilson by his "predecessor in title," who "had properly signed and delivered the deed of release." Whether Wilson did or did not take with notice of the release does not appear. If by the failure to have the deed recorded between September, 1898, and 1900, Wilson has taken lot 13 without notice of the release of the restrictions, that fact does not entitle the plaintiffs to have their signatures to the release cancelled.

The plaintiffs have mistaken their remedy. If they have a remedy it is on the ground that as each party to the deed of release is a grantee as well as a grantor, the deed of release is as much theirs as Mrs. Eichorn's, and for that reason they have a right to have it recorded. Upon that question we do not express a final opinion, as it is not before us.

*Decree affirmed.*

*C. E. Wentworth*, for the plaintiffs.

*T. E. Grover*, (*F. Joy* with him,) for the defendant Mary C. Eichorn.